UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| USF Insurance Company | * | CIVIL ACTION NO. |
| | * | |
| v. | * | SECTION "___" |
| | * | |
| KGW Industries, LLC,  and | * | |
| Genazai Kenneth Wang | * | MAGISTRATE |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes USF Insurance Company ("USF"), who files this Original Complaint for Declaratory Relief and respectfully shows the Court as follows:

1.

This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 et seq.

## PARTIES

2.

Plaintiff, USF is a foreign, surplus lines insurer doing business in the state of Louisiana, and who issued and delivered a policy of insurance in the State of Louisiana to KGW Industries, LLC, pursuant to the Louisiana Insurance Code.  USF is domiciled in Michigan with its principal place of business in Farmington Hills, Michigan.

3.

Defendants herein are:

(a)     KGW Industries, LLC, (hereinafter "KGW") a Louisiana Limited Liability Company with its principal places of business in the State of Louisiana; and

(b)     Genazai Kenneth Wang, a person of the full age of majority and resident of the state of Louisiana.

**VENUE**

4.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this suit occurred within this Judicial District.

**JURISDICTION**

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 due to Diversity of Citizenship of the parties.  The matter in controversy exceeds $75,000 exclusive of interest and costs.

**FACTS**

6.

This is an insurance coverage action seeking a declaratory judgment regarding the extent of insurance coverage provided under the Policy issued by USF to KGW and to Genazai Kenneth Wang and requesting that this Court declare:

(1) that the claims made by Luqman Educational Center d/b/a Muslim Academy and The Westbank Muslim Association are not covered and/or excluded under the Policy; and

(2) that USF does not owe a duty to defend or indemnify KGW and to Genazai Kenneth

2

Wang on those claims.

7.

The commercial policy at issue is policy #LGBGL52178, effective for the policy period February 26, 2007 to February 26, 2008 (the "Policy").  A copy of the Policy is attached hereto as **Exhibit A.**

8.

USF received notice of a claim being asserted by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association, who sued KGW and Genazai Kenneth Wang in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  A suit was filed against Defendants, KGW and Genazai Kenneth Wang and various contractors by Luqman Educational Center d/b/a Muslim Academy and The Westbank Muslim Association in 2008.  However that suit was dismissed for failure to timely serve.  The second suit was filed on December 4, 2009 bearing Case No. 680933 and asserts exactly the same claims as were asserted in the original suit.  It seeks damages from alleged faulty work, breach of contract and various other acts of negligence that all either stem from or somehow are connected with the work of Defendants, KGW and Genazai Kenneth Wang at the property owned located at 440 Realty Drive, Gretna, LA.

9.

The Policy provides that USF "will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies."  As is common, however, this grant of coverage under the Policy is limited and/or modified by certain definitions and exclusions found in the Policy.  Thus, the Policy further provides that USF "will have the right and duty to defend the insured against any 'suit'

3

seeking those damages.  However, [USF] will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply..."

10.

The claims of Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association sound in both negligence and contract and per Petition attached hereto as **Exhibit "B"** which are delineated as follows:

(1)   That KGW and Mr. Wang failed to possess its own general contracting license for building and renovations to commercial property;

(2)   That KGW negligently misrepresented the qualifications, skills and ability of it and of Genazai Kenneth Wang for handling the project to induce plaintiffs to enter into a contract which enticed Luqman Educational Center d/b/a Muslim Academy and The Westbank Muslim Association;

(3)   That Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association detrimentally relied on KGW and Mr. Wang's negligent misrepresentations of their qualifications to their detriment;

(4)   That KGW and Genazai Kenneth Wang failed to properly supervise the daily work of the subcontractors despite assurance that KGW and Mr. Wang would do so in exchange for the payment of $8,000.00 per month for supervisor fees;

(5)   That KGW and Genazai Kenneth Wang failed to properly supervise the subcontractors which resulted in charges for materials that were never used or that were never installed on the Project;

(6)   That KGW and Genazai Kenneth Wang defective or deficient work resulted in moisture and vapor intrusion to the roof, walls, doors, windows, ceiling tiles, insulation, framing, flooring, roof decking, HVAC Equipment, electrical components of the building; paneling and resulted in mold damage;

(7)   That KGW and Genazai Kenneth Wang's use of defective or deficient materials resulted in damage to the work to be performed;

(8)   That KGW and Genazai Kenneth Wang's failure to properly comply with the deadline for substantial completion of the Project caused harm to Luqman

4

Educational Center d/b/a Muslim Academy and the Westbank Muslim Association;

(9)     That KGW and Genazai Kenneth Wang failed to provide updated schedules of construction as required by the contract;

(10)    That KGW and Genazai Kenneth Wang failed to maintain the premises and to keep it free of trash and debris as required by the contract; and

(11)    That KGW and Genazai Kenneth Wang failed to correct any and all defective work which resulted in deterioration and damage to other elements of the Project.

11.

USF's preliminary investigation has revealed:

(1)     That the contract between Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association and KGW Industries LLC was entered into on December 28, 2004, over two (2) years before the effective date of the policy at issue;

(2)     That KGW and Genazai Kenneth Wang performed work on the building located at 440 Realty Drive, Gretna, LA before the effective date of the policy at issue; and

(3)     That the date of substantial completion of the Project was to occur by February 28, 2007, two (2) days after the Policy at issue came into effect so the claims made by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association arose prior to the effective date of the policy.

12.

The Policy at issue excludes coverage for the claims made by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association either because the claims do not qualify as covered losses, because they arose prior to the inception of the policy or because the policy specifically excludes coverage for the claims alleged. The following language from the Policy is relevant to the analysis for which this declaratory action is based:

The pertinent provisions of the policy issued to KGW are as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM - CG 00 01 12 04**

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V –Definitions.

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

a.      We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

b.      This insurance applies to "bodily injury" and "property damage" only if:

    (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to policy period, no insured listed under Paragraph 1 of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.    If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.      "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.      "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
(2)     Receives a written or verbal demand or claim for damagers because of the "bodily injury" or "property damage"; or
(3)     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

The "Property damage" covered by the policy is defined as:

17.     **"Property damage"** means:

a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

13.

The Policy also contains multiple exclusions that are applicable to the plaintiff's claim.

Specifically, the Policy's Exclusion section provides:

**2.    Exclusions**

This insurance does not apply to:

a.    Expected or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

b.    Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury " or "property damage" occurs subsequent to the execution of the contact or agreement.

9.    "Insured contract" (as amended by endorsement CG 24 26 07 04) means:

f.    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of  another party to pay for "bodily injury" or "property damage" to a third person or organization, provided that the "bodily injury" or "property  damage" is caused in whole or in part by you or by those acting on your behalf.  Tort

8

liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1)     That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2)     That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        (a)     Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

        (b)     Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3)     Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

j.   Damage To Property

        "Property damage" to:

        (5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations.  If the "property damage" arises out of those operations; or

        (6)     That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

9

k.   Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

l.   Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

m.   Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.   Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)   "Your product'"
(2)   "Your work"; or
(3)   "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in.

o.    Personal or Advertising Injury

"Bodily injury" arising out of "personal or advertising injury."

21.    "Your product":
  a.    means:
       (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

               a. You;

               b. Others trading under your name; or

               c. A person or organization whose business or assets you have acquired; and
  b.    includes:

       (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performances or use of "your product", and

       (2)    The providing of or failure to provide warnings or instructions

22.    "Your work":

  a.    means:

       (1)    Work or operations performed by you or on your behalf; and

       (2)    Materials, parts or equipment furnished in connection with such work or operations.

  b.    includes:

       (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

       (2)    The providing of or failure to provide warnings or instructions.

8.   "Impaired property" means tangible property, other than "your product" or "our work", that cannot be used or is less useful because:

   a.   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b.   You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

   a.   The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b.    Your fulfilling the terms of the contract or agreement.

14.

Coverage B of the Personal and Advertising Form provides, in relevant part, as follows:

**COVERAGE B. PERSONAL AND ADVERTISING COVERAGE LIABILITY**

1.   **Insuring Agreement**

   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. ***

   **b.**   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business.

Personal Injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

   **(2)**   "Advertising Injury" caused by an offense committed in the course of advertising your goods, products or services;

15.

Section II of the policy further delineates who the insureds are.  This sections states that the following are also insureds.  This includes the insured's employees performing duties related to the conduct of the insured's business as follows:

**SECTION II- WHO IS AN INSURED**

1.      If you are designed in the Declarations as:

    c.      A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Your managers are insureds, but only with respect to their duties as your managers.

16.

Additionally, Form IC IL 11 30 06 97 REV, the Continuous and Progressive Injury Limitation endorsement modifies all liability coverages in All Coverage Forms as follows:

A.      This insurance does not apply to the following, which is added to the EXCLUSIONS:

All bodily injury, "property damage", "personal injury," or advertising injury that first becomes actually or constructively known to any person prior to the effective date or after the expiration of this policy regardless of whether there is repeated or continued exposure during the period of the policy or whether the injury or damage continues progresses, progresses or deteriorates during the term of the policy.

17.

In addition to the above, the policy includes an endorsement entitled the Exterior Insulation and Finishing System (EIFS) Exclusion which provides:

EXTERIOR INSULATION AND FINISH SYSTEM (EFIS)

This insurance does not apply to any "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1.  The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling service, correction or replacement of any "exterior insulation and "finish system" or any part thereof including the application or use of conditioners, primers, accessories, flashing, coating, caulking, or sealant in connection with such system.

2.  Any work or operations with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system" is used on any part of that structure.

This exclusion applies to "work" or "your work" as described in the above Paragraph 1. or 2. that is performed by you or on your behalf.

B.  For the purposes of this endorsement, an "exterior insulation and finish system" (also known as synthetic stucco) means an exterior cladding or finish system used on any part of any structure, and consisting of: -
1.  Rigid or semi-rigid insulation board made of expanded polystyrene or other materials;
2.  The adhesive or mechanical fastener used to attach the insulation board to the substance;
3.  A reinforced base coat;
4.  A finished coat providing surface structure and color.


18.

In accordance with the terms of the Policy, the insured as obligations in order for

coverage to attach:


SECTION IV – COMMERICAL GENERAL LIABIILITY CONDITIONS

2.      DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may

14

result in a claim.  To he extent possible, notice should include:

    (1)    How, when and where the "occurrence" or offense took place;

    (2)    The names and address of any injured person and witnesses;

    (3)    The nature and location of any injury or damage arising out of an "occurrence" or offense.

19.

Based on the foregoing facts and the Policy provides no coverage for the alleged claims made by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association, regarding the work performed 440 Realty Drive, Gretna, LA as a result of the following:

### A.   THE POLICY PROVIDES NO COVERAGE FOR CLAIMS NOT WITHIN THE POLICY PERIOD

The Policy applies to property damage <u>only</u> if that damage is caused by an "occurrence" that takes place in the "coverage territory" and occurs during the policy period.   Here, the contract was entered into 2 years prior to the effective date of the policy.   Several of the allegations made by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association involve fault on KGW and Genazai Kenneth Wang in inducing Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association to enter into the contract.   Therefore, the fact that KGW failed to possess its own general contracting license for building and renovations to commercial property and that KGW negligently misrepresented the qualifications, skills and ability of it and of Genazai Kenneth Wang for handling the project to induce plaintiffs to enter into a contract occurred prior to the effective date of the policy and are excluded.   Additionally, any claims resulting from work that was performed prior to the

effective date of the policy or any claim that was a continuation, change or resumption of such "bodily injury" or "property damage" are also excluded. This means the Policy provides no coverage for any work performed before the effective date of the Policy, or any continued work or repair work done after the date of the Policy. It is USF's position that because (1) a substantial amount of work was performed prior to the effective date of the policy, (2) the breach of the contract on failure to obtain substantial completion by the designated date; and (3) any all claims made against KGW and to Genazai Kenneth Wang relate to their work which was started long before the effective date of the policy, all of the claim by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association should be found not covered and/or excluded.

B.     **DAMAGE TO PROPERTY, YOUR WORK. IMPAIRED PROPERTY OR YOUR WORK PRODUCT IS SPECIFICALLY EXCLUDED**

Even assuming there could possibly have been some work done after the Policy period that could not be causally connected to the work started and performed prior to the Policy period, the claims of Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association are unambiguously excluded from coverage under the "your Work" or Work Product Exclusion portions of the Policy.

There is no dispute that Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association allege that KGW and Genazai Kenneth Wang was performing operations on the property and that the damage which arose from the "work" had to be repaired, removed and/or replaced because KGW and Genazai Kenneth Wang's work was allegedly incorrectly performed. Accordingly, there is no coverage for Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim claims for faulty work.

Not only are Muslim's damages not covered because the alleged property damage arose out of KGW and Genazai Kenneth Wang's work, but such property damage is also excluded by the policy sections entitled "Damage to Your Product",  Damage to Your Work ,"Work or Impaired Property" as cited above.

**C.      PRESCRIPTION FOR NEGLIGENCE CLAIMS OVER ONE YEAR**

The Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association lawsuit was originally filed against KGW and Genazai Kenneth Wang in the 24th JDC in 2008.  That suit was not properly served and was eventually dismissed.

A second suit was filed by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association against KGW and Genazai Kenneth Wang in the 24th JDC on December 4, 2009.  Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim therefore had knowledge of the claims sounding in negligence longer than 1 year before the suit was refiled on December 4, 2008.  This means that any claims that sound in negligence are prescribed as against KGW and Genazai Kenneth Wang and therefore not covered by the Policy.

20.

A real case and controversy exists with regard to USF's coverage under the Policy for the claims made by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association regarding the work performed at 440 Realty Drive, Gretna, LA.  USF is thus entitled to a declaration of those rights and obligations and a ruling that USF has no duty or obligation to defend KGW and Genazai Kenneth Wang in connection with the claims of Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association.

17

**WHEREFORE**, USF Insurance Company prays that this Complaint be filed, that Defendants, KGW Industries, LLC and Genazai Kenneth Wang be served and cited to appear and answer same, and that after due proceedings be had, there be a judgment declaring the rights and obligations of USF Insurance Company under the policy issued to KGW Industries, Inc. in connection with the claims made against it and against KGW Industries Inc and Genazai Kenneth Wang for the work performed at 440 Realty Drive, Gretna, Louisiana and finding that USF has no duty to indemnify KGW Industries, LLC or Genazai Kenneth Wang under the Policy and no duty to defend KGW Industries, LLC  or Genazai Kenneth Wang for these claims asserted by Luqman Educational Center d/b/a Muslim Academy and the Westbank Muslim Association .

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

/s/ Lisa k. Tanet

_____
**KEVIN L. COLE, Bar #4248**
**LISA K. TANET, Bar #21085**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
**Tel:  (985) 674-6680**
**Fax: (985) 674-6681**
**E-mail:  ltanet@gjtbs.com**
**Attorney for Plaintiff**
**USF Insurance Company**

**Please Serve**

KGW Industries, LLC
Please withhold Service

Genazai Kenneth Wang

Please Withhold Service